IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL No. ELH-21-0105 |
| FRANK DAVIS, | |
| *Defendant*. | |

## MEMORANDUM

In an Indictment filed on April 15, 2021 (ECF 1), defendant Frank Davis was charged with possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (Count One). *Id.* A Superseding Information was filed on June 29, 2021, charging defendant with possession of a stolen firearm, under 18 U.S.C. § 922(j). ECF 19.

Pursuant to a Plea Agreement (ECF 30), defendant entered a plea of guilty on August 24, 2021, to the Superseding Information. ECF 33. The plea was tendered under Fed. R. Crim. P. 11(c)(1)(C), by which the parties agreed to a total sentence of 84 months of imprisonment. ECF 30, ¶ 9. At sentencing on August 24, 2021 (ECF 34), the Court sentenced defendant to 84 months of incarceration. ECF 35 (Judgment); ECF 36 (Statement of Reasons).

Defendant, who is now self-represented, has filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). ECF 39 (the "Motion"). In the Motion, defendant claims that he is a zero point offender, and he contends that, if he were sentenced today, he would receive a lesser sentence. *Id.* at 1.

The government opposes the Motion. ECF 44 ("Opposition"). According to the government, defendant is ineligible for relief pursuant to Amendment 821 because "Defendant is

1

not a zero-point offender," *id.* at 1, and "he possessed a firearm in connection with this offense." *Id.*; *see* ECF 27; *see also* ECF 45 (Pre-Plea Criminal History Report of July 16, 2021).[1]

The Office of the Federal Public Defender has provided notice to the Court that it does not intend to supplement the Motion. ECF 41. Defendant has not replied.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

### I.      Factual and Procedural History

As noted, defendant entered a plea of guilty on August 24, 2021, to the offense of possession of a stolen firearm. ECF 19, ECF 33.

Attachment A to the Plea Agreement (ECF 30) contains a detailed stipulation of facts. *Id.* at 10. The stipulation established that on March 12, 2020, a Baltimore City Police Officer "saw the Defendant reach his hands inside his sweatshirt and attempt to adjust something multiple times." Believing that "the Defendant was conducting security checks," *id.*, the officer "contacted the Baltimore City Watch Unit to see if the individual monitoring the City Watch camera in the area also saw the Defendant adjusting his waistband area." *Id.* As the police officer approached defendant to investigate further, defendant fled on foot. "However, the Defendant was quickly apprehended, and officers recovered a Smith & Wesson 9mm M&P semi-automatic pistol . . . loaded with 15 rounds of 9mm ammunition from [defendant's] waistband area." *Id.*

---

[1] The Pre-Plea Criminal History Report was submitted to the Court in connection with the parties' request to proceed immediately to sentencing, without a presentence report. *See* ECF 26 at 1. The Pre-Plea report was not docketed at the time. I docketed it in order to reference it for this Memorandum.

Under Fed. R. Civ. P. 11(c)(1)(C), the parties agreed to a sentence of 84 months of incarceration. ECF 30, ¶ 9. Following the guilty plea, and at the parties' request, the Court proceeded directly to sentencing. *See* ECF 26 at 1.

Defendant was 52 years of age at sentencing. ECF 23 (defendant's Sentencing Memo), at 2. Davis had a final offense level of 23. ECF 26 (government's Sentencing Memo), at 2. The defendant had a criminal history score of six points. (ECF 45), ¶ 13. This resulted in a criminal history category of III. With an offense level of 23 and a criminal history category of III, the advisory sentencing Guidelines called for a sentence ranging from 57 to 71 months of incarceration.

Notably, defense counsel acknowledged that if defendant had been convicted of the felon in possession offense, "it appears that he would have qualified as an armed career criminal and therefore been subject to a 15-year mandatory minimum sentence." ECF 23 at 1.

The Court sentenced defendant to the agreed upon sentence of 84 months of imprisonment. ECF 35, ECF 36.

Defendant is presently incarcerated at Baltimore RRM (search by BOP Register Number 46728-509), https://www.bop.gov  He has a projected release date of February 27, 2026. *Id.*

Additional facts are included in the Discussion.

## II. The Legal Standard

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024); *United States v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024); *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023); *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023); *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023); *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022); *United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022); *United States v. Hargrove*, 30 F.4th 189,

3

194 (4th Cir. 2022); *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020), *abrogated on other grounds by United States v. Troy*, 64 F.4th 177 (4th Cir. 2023); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." *See* 18 U.S.C. § 3582(c)(1)(B); *see also Jackson*, 952 F.3d at 495.

Section 3582(c)(2) of 18 U.S.C. is relevant. It permits a court to reduce the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if the amendment has been made retroactively applicable and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Moore*, 2024 WL 2828103, at *1 (4th Cir. June 4, 2024) (per curiam). *Id.*; *see United States v. Barrett*, 133 F.4th 280 (4th Cir. 2025); *United States v. Riley*, ELH-13-0608, 2022 WL 9361679, at *5 (D. Md. Oct. 14, 2022) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)); *see also* U.S.S.G. § 1B1.10(a)(2)(B) (providing that a defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guidelines range"). However, the court may only reduce such a sentence "after considering the factors set forth in section 3553(a) [of 18 U.S.C.] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

One such retroactive amendment is Amendment 821 to the Guidelines, which went into effect on November 1, 2023. *Amendment 821*, U.S. SENT'G COMM'N, https://www.ussc.gov/guidelines/amendment/821. Amendment 821 "is a multi-part amendment." *United States v. Gary*, JKB-08-086, 2024 WL 1641007, at *1 (D. Md. Apr. 16, 2024).

4

Part A of Amendment 821 pertains to criminal history and so called "status points." *Id.* It amended U.S.S.G. § 4A1.1 "by redesignating subsection (d) as subsection (e) and reducing the additional criminal history points assessed to a defendant who committed his offense while under a criminal justice sentence." *Moore*, 2024 WL 2828103, at *1; *see also Barrett*, 133 F.4th at 282-83. "Criminal justice sentence" under the Guidelines includes probation, parole, supervised release, imprisonment, work release or escape status. U.S.S.G. § 4A1.1(e).

Prior to the amendment, two points were added to a defendant's criminal history score if the defendant committed the underlying offense while on parole, probation, or supervised release (previously codified at U.S.S.G. § 4A1.1(d)). But, Amendment 821 limits the assignment of such "status points." *See* U.S.S.G. § 4A1.1(e).

In particular, Amendment 821 permits the assignment of only one status point, and then only if a defendant has seven or more criminal history points. *See* U.S.S.G. § 4A1.1(e). In other words, § 4A1.1(e) eliminates any status points for a defendant who "has six or fewer criminal history points." *Id.*; *see also United States v. Law*, DKC-11-489, 2024 WL 3757902, at *1 (D. Md. Aug. 12, 2024) ("Part A . . . eliminated status points altogether for a defendant with six or fewer criminal history points."). And, a defendant who has seven or more criminal history points is only subject to a one-point increase, rather than a two-point increase. *See* U.S.S.G. § 4A1.1(e).

Part B provides for a decrease of two offense levels if ten conditions are met. *See* U.S.S.G. § 4C1.1(a). They are, *id.*:

> **(1)** the defendant did not receive any criminal history points from Chapter Four, Part A;
> **(2)** the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> **(3)** the defendant did not use violence or credible threats of violence in connection with the offense;
> **(4)** the offense did not result in death or serious bodily injury;
> **(5)** the instant offense of conviction is not a sex offense;
> **(6)** the defendant did not personally cause substantial financial hardship;

5

> **(7)** the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> **(8)** the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> **(9)** the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> **(10)** the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

"The Sentencing Commission gave retroactive effect to the amended Guideline . . . beginning on February 1, 2024." *Moore*, 2024 WL 2828103, at *1. In *Barrett*, 133 F.4th at 288, the Fourth Circuit stated that, as to Amendment 821, a court is "authorized" under the Sentencing Commission's policy statement § 1B1.10(b)(1) "to consider" the effect of Amendment 821 on a defendant's criminal history category under § 4A1.1 and offense level under § 2D1.1(b)(17).

The Fourth Circuit requires the district court to employ a two-step approach in considering § 3582(c)(2) motions. *United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016); *United States v. Williams*, 808 F.3d 253, 257 (4th Cir. 2015). "First, a court must determine the defendant's eligibility. Section 3582(c)(2) permits a reduction only if (1) the defendant's 'term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (2) the reduction 'is consistent with applicable policy statements issued by the Sentencing Commission.' § 3582(c)(2). Second, the court may grant the authorized reduction 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Peters*, 843 F.3d at 574 (citations omitted). "The ultimate decision of '[w]hether to reduce a sentence and to what extent' is committed to the district court's discretion." *Id.*

### III.  Discussion

Defendant argues that he qualifies for a "(2) point reduction because he had zero criminal history pints when he was sentenced, and he meets all of the U.S. Sentencing Commission's enumerated criteria (1-10)." ECF 39.  This is plainly incorrect.  Defendant had six criminal history points, resulting in a criminal history category of III.  ECF 23; ECF 26.

The government correctly states that, to qualify for the 2-point reduction in the offense level, "a defendant must meet *all ten* of the criteria listed in 4C1.1(a)." ECF 44 at 3 (emphasis in ECF 44).  Further, as the government asserts, the "primary requirement for eligibility under § 4C1.1 is that 'the defendant did not receive any criminal history points from Chapter Four, Part A' of the Sentencing Guidelines." *Id.* at 4.

Defendant is ineligible for the requested relief based on his prior record, for which he had six criminal history points.  Section 4C1.1(a)(7) excludes eligibility of a defendant who possesses a firearm in connection with an offense.  ECF 44 at 4.  In defendant's Plea Agreement (ECF 30 at 1), he admitted that he "knowingly possessed a firearm." *See also* ECF 44 at 4.  Even if defendant had no criminal history points, he is ineligible for the § 4C1.1 adjustment due to the "possession of a firearm in connection with the offense of conviction." ECF 44 at 5.  In addition, as the government points out, Davis acknowledged that he "committed the instant offense after sustaining at least two prior felony convictions for either a crime of violence or a controlled substance offense." *Id.*; *see also* ECF 30 at 4.

In short, defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

7

### III.  Conclusion

For the foregoing reasons, I shall deny defendant's Motion (ECF 39).  An Order follows, consistent with this Memorandum.


Date:   May 30, 2025                              /s/
                                          Ellen Lipton Hollander
                                          United States District Judge